STATE OF NORTH CAROLINA v. LAWRENCE WILLARD SKIPPER, JR.

No. COA10-1225

(Filed 16 August 2011)

**Sentencing—remand—one of four convictions vacated—same term**

Defendant was not punished more severely on remand after one of his four convictions was vacated and he was resentenced to the same term. His sentences were consolidated, which required a single judgment for the most serious offense, a Class C felony on both occasions. The sentence imposed was near the bottom of the presumptive range for a Class C felony with this prior record level.

Appeal by defendant from judgment entered 1 June 2010 by Judge Ripley E. Rand in Sampson County Superior Court. Heard in the Court of Appeals 23 March 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Heather H. Freeman, for the State.*

*Kimberly P. Hoppin for defendant.*

ELMORE, Judge.

Lawrence Willard Skipper, Jr. (defendant), appeals the sentence he received, as a habitual felon, for felonious breaking and entering and felonious possession of stolen goods. After careful review, we affirm the judgment of the trial court.

On 7 July 2008, defendant was indicted for felonious breaking and entering, felonious larceny, felonious possession of stolen goods, and, by an ancillary indictment, for attaining habitual felon status. On 19 August 2008, a jury found defendant guilty of all charges. During sentencing, defendant stipulated that he had a prior record level of five. The trial court consolidated the offenses for judgment, and defendant was sentenced in the presumptive range to a minimum term of 125 months' and a maximum term of 159 months' imprisonment.

On appeal, this Court vacated defendant's conviction for felony larceny because of a defective indictment and remanded the case for resentencing on defendant's remaining three convictions. At the 1 June 2010 resentencing hearing, defendant stipulated to a prior

record level of five. After hearing from witnesses, defendant, and counsel, the trial court consolidated the offenses for judgment and sentenced defendant in the presumptive range to a term of 125 to 159 months' imprisonment. Defendant now appeals.

Defendant argues that the trial court violated N.C. Gen. Stat. § 15A-1335 by resentencing him to a more severe sentence on remand, after this Court vacated his felony larceny conviction. We disagree.

N.C. Gen. Stat. § 15A-1335 provides:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2009).

"[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). 'An alleged error in statutory interpretation is an error of law, and thus our standard of review for this question is *de novo.*" *Armstrong v. N.C. State Bd. of Dental Examiners*, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466 (1998) (citations omitted).

Defendant contends that the trial court violated § 15A-1335 because he received the same prison sentence on resentencing despite having one of his four convictions vacated on appeal. Defendant thus argues that, because the number of convictions fell by one but the aggregate prison sentence remained the same, he was punished more severely on remand for each individual conviction than he was originally. Because defendant's convictions were consolidated for judgment, this argument fails.

N.C. Gen. Stat. § 15A-1340.15(b) provides that, "if an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses[,]" and "[t]he judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense." N.C. Gen. Stat. § 15A-1340.15(b) (2009). As a result, if the trial court consolidates offenses into a sin-

gle judgment, it is required by the Structured Sentencing Act to enter judgment on a sentence for the most serious offense in a consolidated judgment. *State v. Tucker*, 357 N.C. 633, 637, 588 S.E.2d 853, 855 (2003). That is what occurred here.

At the initial sentencing hearing, the trial court consolidated defendant's convictions and imposed a single judgment. All three underlying felonies were categorized as Class C felonies because of defendant's habitual felon status. Thus, the most serious offense in the consolidated judgment was a Class C felony. Therefore, the trial court had no choice but to enter a sentence for a single Class C felony pursuant to § 15A-1340.15(b).

Again, at the second sentencing hearing, the trial court consolidated defendant's convictions and imposed a single judgment. The two underlying felonies were categorized as Class C felonies because of defendant's habitual felon status, and, once again, the most serious offense in the consolidated judgment was a Class C felony. Therefore, the trial court, on remand, had no choice but to enter a sentence for a single Class C felony pursuant to § 15A-1340.15(b). The sentence imposed is near the bottom of the presumptive range for a Class C felony committed by an offender with a prior record level of five. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e) (2003). Both in 2008 and in 2010, defendant was sentenced for a single Class C felony; the sentences were identical. Defendant cannot show that he received a greater punishment on remand or that the trial court erred in imposing the same sentence on remand. That the felony larceny conviction was vacated on appeal is irrelevant.

Defendant points to two cases decided under the Fair Sentencing Act, the Structured Sentencing Act's predecessor, which set out the "equally attributable" rule:

> [W]hen indictments or convictions with equal presumptive terms are consolidated for sentencing without the finding of aggravating or mitigating circumstances, and the terms are totaled to arrive at the sentence . . . the sentence, for purposes of appellate review, . . . will be deemed to be equally attributable to each indictment or conviction.

*State v. Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 79-80 (1993); *see also State v. Nixon*, 119 N.C. App. 571, 574, 459 S.E.2d 49, 51 (1995). However, N.C. Gen. Stat. § 15A-1340.15(b) supercedes the "equally attributable" rule, rendering it irrelevant to the case at hand.

STATE v. SKIPPER

[214 N.C. App. 556 (2011)]

Accordingly, defendant was not punished more severely for each individual conviction on resentencing in violation of N.C. Gen. Stat. § 15A-1335, and we conclude that defendant's sentence was not entered in error.

Affirmed.

Judges BRYANT and GEER concur.