STATE OF NORTH CAROLINA
v.
DANNY RAYMOND PAUL

No. COA13-717

Filed 17 December 2013

**Sentencing—resentencing—prior record level—law of case doctrine**

The trial court did not err by concluding at resentencing for a habitual felon that defendant was a prior record level IV offender. The law of the case doctrine did not preclude such a determination.

Appeal by defendant from judgment entered 25 March 2013 by Judge Phyllis Gorham in Pender County Superior Court. Heard in the Court of Appeals 20 November 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Derek L. Hunter, for the State.*

*Winifred H. Dillon for defendant-appellant.*

Elmore, Judge.

Defendant appeals from a judgment entered on resentencing pursuant to this Court's decision in *State v. Paul*, ___ N.C. App. ___, 736 S.E.2d 649 (2013) (unpublished) (*Paul I*). Defendant raises as error the trial court's determination that he was a prior record level IV offender (PRL IV). After careful consideration, we conclude that the trial court did not err, and we affirm the judgment.

## I. Facts

On 5 November 2007, defendant pled guilty to sale of a schedule II controlled substance as a habitual felon. At defendant's sentencing hearing in 2007, the trial court found that defendant had one prior Class H felony conviction worth two points and seven prior Class 1 misdemeanor convictions worth seven points, for a total of nine points and a corresponding PRL IV. *See* N.C. Gen. Stat. § 15A-1340.14(c) (2007). The trial court imposed an active prison sentence of 80 to 105 months. Upon review of *Paul I*, we ruled that the trial court miscalculated defendant's PRL by assigning prior record points for two misdemeanor convictions obtained on the same day of court, 8 February 2000, in violation of N.C. Gen. Stat. § 15A-1340.14(d) (2011). Because subtraction of the erroneous point reduced defendant's PRL from IV (nine points) to III (eight points), we remanded for resentencing.

On remand, the State adduced evidence of an additional Class G felony conviction for trafficking in cocaine obtained on 8 September 1988, resulting in four prior record points. Adding these four points to the two points for defendant's Class H felony conviction and the six points for his six Class 1 misdemeanor convictions obtained during different sessions of court, the trial court concluded that defendant had twelve points and was a PRL IV. See N.C. Gen. Stat. § 15A-1340.14(c) (2011). Defendant was resentenced to 80 to 105 months imprisonment.

## II. Analysis

On appeal, defendant argues that the trial court was bound by our decision in *Paul I* by the law of the case doctrine to resentence him as a PRL III. We disagree.

"The determination of an offender's prior record level is a conclusion of law that is subject to de novo review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citation omitted). A defendant properly preserves the issue of a sentencing error on appeal despite his failure to object during the sentencing hearing. *State v. Morgan*, 164 N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004). Should this Court find a sentencing error and remand a case to the trial court for resentencing, that hearing shall generally be conducted *de novo*. *State v. Daye*, 78 N.C. App. 753, 756, 338 S.E.2d 557, 560, *aff'd*, 318 N.C. 502, 349 S.E.2d 576 (1986); *see also State v. Morston*, ___ N.C. App. ___, ___, 728 S.E.2d 400, 405 (2012) ("For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence."). Pursuant to a de novo review on resentencing, the trial court "must take its own look at

the evidence[.]" *Daye*, 78 N.C. App. at 756, 338 S.E.2d at 560, *aff'd*, 318 N.C. 502, 349 S.E.2d 576.

However, under the law of the case doctrine, "an appellate court ruling on a question governs the resolution of that question both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal." *Bissette v. Auto-Owners Ins. Co.*, 208 N.C. App. 321, 329, 703 S.E.2d 168, 174 (2010) (citation and internal quotation marks omitted). This doctrine applies to both criminal and civil cases alike. *State v. Dorton*, 182 N.C. App. 34, 39, 641 S.E.2d 357, 361 (2007). The law of the case principle "does not apply when the evidence presented at a subsequent proceeding is different from that presented on a former appeal." *State v. Lewis*, 365 N.C. 488, 505, 724 S.E.2d 492, 503 (2012). Moreover, "the law of the case doctrine is specifically limited . . . to points *actually presented and necessary for the determination of the case.*" *Dorton*, 182 N.C. App. at 40, 641 S.E.2d at 361 (citation and internal quotation marks omitted) (emphasis in original).

Here, the resentencing court did not contravene our ruling in *Paul I* that only one of defendant's misdemeanor convictions on 8 February 2000 could be applied to his PRL calculation. Rather, upon new evidence, the resentencing court found that defendant had an additional prior felony conviction, which more than offset the lost point from the improperly counted misdemeanor. *Cf. State v. King*, 178 N.C. App. 122, 133, 630 S.E.2d 719, 726 (2006) ("The trial court is required to calculate defendant's prior record level upon resentencing her.")[1]. The additional conviction admitted by the State constituted new evidence presented to the resentencing court that was not available for consideration by this Court during *Paul I*. Thus, the resentencing court did not err in determining that defendant was a PRL IV because the new facts rendered the law of the case doctrine inapplicable. *See Lewis, supra* (ruling that the "retrial court erred in applying the doctrine of the law of the case" where "defense counsel and the State introduced evidence that had not

---

1. While we did note in *Paul I* that "[w]hen the superfluous point is deducted from defendant's total, he becomes a prior record level III offender, rather than a Level IV[,]" 2013 N.C. App. LEXIS 75, *3-4, this observation merely served to show that the trial court's error was prejudicial. *See State v. Smith*, 139 N.C. App. 209, 220, 533 S.E.2d 518, 524 (Error in calculating prior record points is harmless if it does not affect the defendant's PRL.), *appeal dismissed*, 353 N.C. 277, 546 S.E.2d 391 (2000). Absent such prejudice, there would have been no cause to remand for resentencing.

been presented at defendant's first trial[;]" *Cf. State v. Mason,* 125 N.C. App. 216, 224, 480 S.E.2d 708, 713 (1997) (holding that when "evidence presented at the resentencing hearing is not identical to that which was previously before this Court . . . the doctrine of the law of the case does not bind this Court on the current appeal.").

### III. Conclusion

In sum, the trial court did not err in finding that defendant was a prior record level IV because the law of the case doctrine did not preclude such a determination. We therefore affirm the trial court's judgment.

Affirmed.

Judges McCULLOUGH and DAVIS concur.