STROUD, Judge.
 

 *104
 
 Defendant Robert Earl Spence, Jr. appeals from the trial court's judgments resentencing him in the presumptive range to three consecutive sentences of 230 to 285 months. On appeal, defendant argues that the trial court failed to conduct the resentencing hearing
 
 de novo.
 
 He also argues that the court failed to comply with an earlier mandate issued by this Court when it arrested judgment on three sex offense convictions that were vacated by this Court. Since the trial court need not make specific findings of mitigating factors for a sentence in the presumptive range, and the record indicates that the court did review the evidence and factors presented anew, we conclude that it properly conducted a resentencing hearing
 
 de novo.
 
 Moreover, we find that the trial court improperly stated that it "arrested judgment" on the first-degree sex offense convictions in all four judgments, rather than properly indicating that three of those convictions were in fact vacated by this Court previously. In addition, the court also included one sex offense conviction that was not vacated by this Court in the group of " arrested" judgments. Accordingly, we affirm the trial court's judgments in part but vacate the judgment for each case in which the court noted that it was "arresting judgment" on the first-degree sex offenses and remand for proper entry and to correct the record accordingly.
 

 Facts
 

 Defendant was indicted on 12 December 2011 for four counts of first-degree rape, four counts of first-degree sex offense, and four counts of incest with a near relative stemming from numerous acts of sexual misconduct committed by defendant to his daughter, Donna
 
 [1]
 
 , from the time she was five years old until she reached the age of 12. Defendant was tried by jury from 10 June 2013 until 18 June 2013. At the trial, Donna could recall the locations where the sexual attacks occurred but could not remember dates or time frames. The State tried to establish the time frames of the offenses by establishing when defendant lived at the various locations. On 18 June 2013, a jury found him guilty of four counts of first-degree rape, four counts of first-degree sex offense, and four counts of incest with a near relative. Defendant was sentenced in the presumptive range to three consecutive sentences of 230 to 285 months. Defendant appealed to this Court.
 

 *457
 
 On 18 November 2014, this Court issued an opinion finding no error in part but also vacating three of the four convictions for first-degree sexual offense, in 11 CRS 226769, 11 CRS 226773, and 11 CRS 226774,
 
 *105
 
 because there was insufficient evidence in the record to establish that those offenses occurred in 2001, 2004, or 2005 as alleged in the indictments. This Court noted: "With regard to 11 CRS 226769, the only evidence that a sex offense had occurred was when Donna read an entry from her journal that chronicled her prior abuse and other witnesses testified about statements Donna made to them prior to trial." After explaining its reasoning in more detail, this Court then concluded: "the State failed to provide substantial evidence of a first-degree sex offense in 2001, and the trial court erred by denying defendant's motion to dismiss this charge in 11 CRS 226769." This Court found further that "the State failed to provide substantial substantive evidence of a 'sexual act' for the first-degree sex offense charges in 11 CRS 226773 and 11 CRS 226774." The case was remanded for a new sentencing hearing in light of this opinion.
 

 On remand, the trial court acknowledged that the sex offense convictions had been vacated in 11 CRS 226769, 11 CRS 226773, and 11 CRS 226774. At the resentencing hearing, the State explained that those three convictions originally "were all consolidated with other charges." Then, the State requested "that the same sentencing occur and just subtract those." Defendant's trial counsel asked the court to consider and find multiple mitigating factors. After hearing those factors, the trial court informed defendant that it would "enter three judgments consistent with the Court of Appeals ruling or mandate in this case, and the net effect will be the same as the sentences that are already imposed. These judgments are within the presumptive range."
 

 The court entered a judgment in 11 CRS 226769 with the following note:
 

 In accordance to the North Carolina Court of Appeals judgment dated 8 December 2014, the court will vacate the judgments that were entered for first degree sexual offense in case numbers 11CRS 226769, 11CRS 226773, and 11CRS 226774. Therefore this court will have to conduct a new sentencing hearing.
 

 The trial court entered judgments in 11 CRS 226769, 11 CRS 226773, 11 CRS 226774, and 11 CRS 226775 relating to the first-degree sexual offense convictions stating that "[t]he Court arrested judgment on this count based on the judgment from the Court of Appeals vacating this conviction." The court then resentenced defendant in the presumptive range to three consecutive sentences of 230 to 285 months. Defendant timely appealed to this Court.
 

 *106
 

 Discussion
 

 I. Referred motion to dismiss
 

 The State filed a motion to dismiss defendant's appeal, arguing that defendant has no statutory right to appeal his presumptive range sentences imposed under N.C. Gen.Stat. § 15A-1444(a1) (2015). N.C. Gen.Stat. § 15A-1444(a1) provides:
 

 (a1) A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
 

 Specifically, the State argues that since defendant "was sentenced in the presumptive range, he does not have a right to appeal this issue under section 15A-1444(a1)."
 

 Defendant points out, however, that he does not challenge on appeal whether his sentences were supported by the evidence. Rather, defendant raises issue with whether the trial court failed to conduct his resentencing hearing
 
 de novo
 
 and whether the trial court erred by arresting judgment on the sex offense convictions. Thus, since defendant makes no challenge regarding the sufficiency of the evidence, defendant argues
 
 *458
 
 N.C. Gen.Stat. § 15A-1444(a1) is inapplicable. We agree.
 

 This Court addressed a similar situation in
 
 State v. Hagans,
 

 188 N.C.App. 799
 
 ,
 
 656 S.E.2d 704
 
 (2008). In
 
 Hagans,
 
 the defendant appealed after a jury found him guilty of possession of a firearm by a felon, assault with a deadly weapon, and discharge of a firearm into an occupied vehicle.
 

 Id.
 

 at 800
 
 ,
 
 656 S.E.2d at 705
 
 . This Court then vacated the possession of a firearm by a felon conviction and remanded to the trial court for resentencing.
 

 Id.
 

 The defendant appealed from his new sentence, arguing that "the trial judge who sentenced him was biased and that his due process rights, therefore, were violated."
 

 Id.
 

 at 801
 
 ,
 
 656 S.E.2d at 706
 
 . On appeal, this Court concluded that the defendant "does not contend that his sentence was not supported by the evidence, but rather than the sentencing judge was biased. Therefore, section 15A-1444(a1) does not bar defendant's appeal of this matter."
 

 Id.
 

 at 801 n. 2,
 
 656 S.E.2d at
 
 706 n. 2.
 

 *107
 
 Similarly, here, defendant raises issue not with whether his sentence was supported by the evidence but rather with whether the trial court applied the proper standard of review and whether it correctly followed this Court's earlier mandate to vacate three of the offenses. Since defendant, like the defendant in
 
 Hagans,
 
 does not challenge whether his sentence is supported by the evidence, N.C. Gen.Stat. § 15A-1444(a1) does not bar his appeal. Accordingly, we deny the State's referred motion to dismiss defendant's appeal and turn now to the issues raised on appeal.
 

 II. Resentencing Hearing:
 
 De novo
 
 review
 

 On appeal, defendant first argues that the trial court erred and failed to conduct his resentencing hearing
 
 de novo.
 
 "Should this Court find a sentencing error and remand a case to the trial court for resentencing, that hearing shall generally be conducted
 
 de novo.
 
 Pursuant to a de novo review on resentencing, the trial court must take its own look at the evidence."
 
 State v. Paul,
 

 231 N.C.App. 448
 
 , 449-50,
 
 752 S.E.2d 252
 
 , 253 (2013) (internal citation, quotation marks, and brackets omitted).
 

 Defendant argues that the trial court erred in this case because his defense counsel presented a list of mitigating factors to be considered by the trial court and "[w]ithout indicating it had newly considered these factors, the trial court stated, 'I'm going to enter three judgments consistent with the Court of Appeals ruling or mandate in this case, and the net effect will be the same as the sentences that are already imposed. These judgments are in the presumptive range.' " Thus, defendant contends that the trial court erred because it did not expressly indicate that it would consider those factors or look at the matter anew.
 

 Defendant relies on this Court's decision in
 
 State v. Jarman,
 

 238 N.C.App. 128
 
 , 131-32,
 
 767 S.E.2d 370
 
 , 372 (2014), where a defendant likewise claimed that the trial court had failed to conduct the resentencing hearing
 
 de novo.
 
 In
 
 Jarman,
 
 after being sentenced based on a prior record level designation as a level IV offender, the defendant "filed a motion for appropriate relief requesting a resentencing hearing to correct his prior record level designation from a designation as a level IV offender to a designation as a level III offender, and to reconsider his sentence ... in light of the correction to his prior record level determination."
 
 Id.
 
 at 129,
 
 767 S.E.2d at 371
 
 . Following his resentencing hearing, the defendant appealed to this Court, arguing that "the trial court made statements 'indicating that it was not conducting a
 
 de novo
 
 resentencing and did not understand that it should.' "
 
 Id.
 
 at 131,
 
 767 S.E.2d at 372
 
 .
 

 *108
 
 This Court disagreed and explained:
 

 It has been established that each sentencing hearing in a particular case is a
 
 de novo
 
 proceeding. The judge hears the evidence without a jury, and the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists. Although the judge must consider all statutory aggravating and mitigating factors that are supported by the evidence, the judge weighs the credibility of the evidence and determines by the preponderance of the evidence whether
 
 *459
 
 such factors exist. At each sentencing hearing, the trial court must make a new and fresh determination of the sufficiency of the evidence underlying each factor in aggravation and mitigation, and must find aggravating and mitigating factors without regard to the findings in the prior sentencing hearings.
 

 However, the trial court need make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences. When a trial court enters a sentence within the presumptive range, the court does not err by declining to formally find or act on a defendant's proposed mitigating factors, regardless of whether evidence of their existence was uncontradicted and manifestly credible.
 

 Id.
 
 at 131-32,
 
 767 S.E.2d at 372-73
 
 (internal citations, quotation marks, and brackets omitted).
 

 Like the
 
 Jarman
 
 Court, "we are not persuaded that the trial court's ... remarks demonstrate that it did not understand its obligation to conduct a
 
 de novo
 
 review of the evidence that was properly before it for consideration."
 
 Id.
 
 at 133,
 
 767 S.E.2d at 373
 
 (internal quotation marks omitted). The State pointed out to the trial court that defendant's first-degree sex offense convictions in 11 CRS 226769, 11 CRS 226773, and 11 CRS 226774 had been vacated by this Court. The State requested that defendant be sentenced to the same sentence length as he was previously since the vacated convictions had previously just been consolidated with other charges that still remained. The court also heard from defendant and his defense counsel submitted several mitigating factors for consideration, including: that defendant had good character and reputation in his community prior to the time of his conviction; that prior to his arrest he supported his family; that he has an extensive family support system in Wake County; and that he had a positive employment
 
 *109
 
 history and was gainfully employed prior to his arrest. The trial court heard all this evidence, then informed defendant: "I'm going to enter three judgments consistent with the Court of Appeals ruling or mandate in this case, and the net effect will be the same as the sentences that are already imposed. These judgments are within the presumptive range."
 

 The transcript shows that the trial court did consider defendant's requests, and that is all that the trial court is required to do. The trial court is not required to change the sentences or make any particular findings about the defendant's evidence to demonstrate its consideration.
 
 See, e.g.,
 

 State v. Dorton,
 

 182 N.C.App. 34
 
 , 43,
 
 641 S.E.2d 357
 
 , 363 (2007) ( "[T]he trial court need make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences[.] As the trial court in the present case entered a sentence within the presumptive range, the court did not err by declining to formally find or act on defendant's proposed mitigating factors, regardless whether evidence of their existence was uncontradicted and manifestly credible." (internal citation and quotation marks omitted)). Moreover, "[a] trial court's resentencing of a defendant to the same sentence as a prior sentencing court is not
 
 ipso facto
 
 evidence of any failure to exercise independent decision-making or conduct a
 
 de novo
 
 review."
 
 State v. Morston,
 

 221 N.C.App. 464
 
 , 470,
 
 728 S.E.2d 400
 
 , 406 (2012).
 

 Here, defendant's offenses were consolidated for sentencing. Under N.C. Gen.Stat. § 15A-1340.15(b) (2015), when an offender's offenses are consolidated, "[t]he judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense [.]"
 
 See also
 

 State v. Skipper,
 

 214 N.C.App. 556
 
 , 557-58,
 
 715 S.E.2d 271
 
 , 273 (2011) ("[I]f the trial court consolidates offenses into a single judgment, it is required by the Structured Sentencing Act to enter judgment on a sentence for the most serious offense in a consolidated judgment."). Thus, since defendant's offenses were consolidated and the most serious offense remained, the trial court was well within its discretion to sentence defendant to the same presumptive range sentence as was previously entered after conducting a new sentencing hearing. Accordingly, we conclude that the trial court in this case did
 
 *460
 
 properly conduct the resentencing hearing
 
 de novo.
 

 III. Arrested Judgment on Sex Offenses
 

 Defendant also argues that the trial court failed to comply with the mandate of this Court to vacate three of the sex offense convictions when it instead wrote on the judgment forms: "The Court arrested judgment
 
 *110
 
 on this count based on the judgment from the Court of Appeals vacating this conviction."
 

 In defendant's prior appeal,
 
 State v. Spence,
 

 237 N.C.App. 367
 
 , 381,
 
 764 S.E.2d 670
 
 , 681 (2014), this Court vacated defendant's sex offense convictions in 11 CRS 226769, 11 CRS 226773, and 11 CRS 226774 and remanded to the trial court for a new sentencing hearing. At the resentencing hearing, the trial court informed defendant that it would "enter three judgments consistent with the Court of Appeals ruling or mandate in this case[.]" After the hearing, the trial court entered the following note with its judgment in 11 CRS 226769:
 

 In accordance to the North Carolina Court of Appeals judgment dated 8 December 2014, the court will vacate the judgments that were entered for first degree sexual offense in case numbers 11CRS 226769, 11CRS 226773, and 11CRS 226774. Therefore this court will have to conduct a new sentencing hearing.
 

 In addition, the court included the following language in reference to the sex offense conviction in 11 CRS 226769, 11 CRS 226773, 11 CRS 226774, and 11 CRS 226775: "The Court arrested judgment on this count based on the judgment from the Court of Appeals vacating this conviction."
 

 Defendant argues that the trial court should have vacated those judgments, rather than arresting judgment. "While ... in certain cases an arrest of judgment does indeed have the effect of vacating the verdict, ... in other situations an arrest of judgment serves only to withhold judgment on a valid verdict which remains intact."
 
 State v. Pakulski,
 

 326 N.C. 434
 
 , 439,
 
 390 S.E.2d 129
 
 , 132 (1990). Here, this Court mandated that the trial court vacate three of the sex offense convictions; it was not ordered to arrest judgment and doing so is not proper in this case.
 

 It seems, however, that the trial court understood this Court's mandate and simply used incorrect language on its form, leading to this confusing result. Essentially, this is a clerical error. Although the judgments state that the court "arrested judgment" on these three offenses, it is evident from the resentencing hearing transcript and the language used by the court itself that it was aware that this Court had vacated those convictions. The court's language, that it "arrested judgment on this count based on the judgment from the Court of Appeals vacating this conviction[,]" shows that it was aware of what this Court did. Furthermore, the trial court did not include those convictions when it resentenced defendant based on the remaining consolidated offenses.
 

 *111
 
 The court merely used improper wording on the form when entering the new sentences on the judgment forms to address the charges that were removed. Nevertheless, this was done in error and must be corrected on remand.
 

 In addition, the trial court arrested judgment on the sex offense conviction from 11 CRS 226775 as well, even though this Court did not mandate that the court vacate this conviction. This was in error, as the prior mandate by this Court vacated only the sex offense convictions in 11 CRS 226769, 11 CRS 226773, and 11 CRS 226774. This Court left the sex offense conviction in 11 CRS 226775 intact. Thus, the trial court both used incorrect language and erred in that it should not have included that conviction in the vacated judgments. We, therefore, must vacate and remand simply for the trial court to correct the clerical errors in the order to reflect the accurate disposition of those offenses.
 

 Conclusion
 

 In conclusion, we hold that the trial court did conduct a proper
 
 de novo
 
 review at defendant's resentencing hearing. We also find that while the trial court understood that the sex offense convictions were vacated, the wrong language was used on the judgment forms, and judgment on one sex offense count that was not vacated by this Court previously was inadvertently "arrested."
 

 *461
 
 Thus, we vacate those judgments and remand so that the trial court can correct these errors consistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges DIETZ and TYSON concur.
 

 [1]
 

 We use a pseudonym to protect the privacy of the juvenile victim.