CALABRIA, Judge.
David Roa ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of eleven sexual offenses. We remand for correction of a clerical error.
On 20 November 2015, a jury returned verdicts finding defendant guilty of: (1) second degree rape and sexual activity by a substitute parent (13 CRS 50993); (2) statutory sexual offense of a person who is 13, 14, or 15 years old, sexual activity by a substitute parent, and taking indecent liberties with children (13 CRS 51225); (3) statutory rape of a person who is 13, 14, or 15 years old, sexual activity by a substitute parent, and taking indecent liberties with children (13 CRS 51226); (4) second degree sexual offense and sexual activity by a substitute parent (14 CRS 695); and (5) taking indecent liberties with children (14 CRS 696). The trial court sentenced defendant to the following consecutive terms in the custody of the North Carolina Division of Adult Correction: (1) 83 to 160 months' imprisonment for 13 CRS 50993; (2) 276 to 392 months' imprisonment for 13 CRS 51225; (3) 276 to 344 months' imprisonment for 13 CRS 51226; and (4) 83 to 160 months' imprisonment for 14 CRS 695-96. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred in 13 CRS 50993 by entering judgment and imposing a sentence on two counts of second degree rape. We agree that error does appear on the face of the judgment in 13 CRS 50993, which incorrectly indicates that defendant was convicted of two counts of second degree rape. We conclude, however, as argued by the State, that this error was merely clerical.
The indictments, the trial court's instructions to the jury, and the jury's verdicts in 13 CRS 50993 all reflect that defendant was charged with and convicted of one count of second degree rape and one count of sexual activity by a substitute parent. The trial court instructed the jury that defendant was charged with "only one" count of second degree rape, which was "under file number 13 CRS 50993." Moreover, at sentencing, the trial court stated:
The first judgment will be in 13 CRS 50993. That's the first charge on the calendar. We're consolidating the two charges there into the Class C felony. It is a Level II. The sentence is in the presumptive range. It's a minimum of eighty-three months, a maximum of 160 months in the North Carolina Department of Corrections. That is an active sentence.
(emphasis added). The court's statement indicates its intention to consolidate the lower level offense of sexual activity by a substitute parent, a Class E felony, with the higher level offense of second degree rape, a Class C felony. See State v. Spence , --- N.C. App. ----, ----, 787 S.E.2d 455, 459 (2016) (stating that when a defendant's offenses are consolidated into a single judgment, pursuant to N.C. Gen. Stat. § 15A-1340.15(b), "the judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense" (brackets omitted)).
Accordingly, we conclude that the trial court did not erroneously enter judgment in 13 CRS 50993 on a conviction for which there was no jury verdict; rather, the judgment merely contains a clerical error. Therefore, we remand 13 CRS 50993 for correction of the error.
NO ERROR IN PART; REMANDED FOR CORRECTION OF CLERICAL ERROR IN 13 CRS 50993.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.