IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-542

Filed: 7 April 2020

Forsyth County, No. 15 CRS 54493

STATE OF NORTH CAROLINA

v.

LARRY LEE DUDLEY

Appeal by defendant from orders entered 16 December 2016 by Judge Susan Bray and 2 August 2018 by Judge David L. Hall in Forsyth County Superior Court. Heard in the Court of Appeals 3 December 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly N. Callahan, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for defendant.*

DIETZ, Judge.

Larry Lee Dudley was convicted of misdemeanor stalking in district court and sentenced to time served. He filed a written notice of appeal within ten days of entry of judgment, as required by the general statute governing criminal appeals from district court to superior court.

The State moved to dismiss Dudley's appeal based on a more specific statutory provision requiring "in person" notice of appeal when the defendant seeks to appeal but already is in "compliance with the judgment." The State argued that this

provision applied because Dudley was sentenced to time served and thus already was in compliance with the judgment as soon as it was entered. The trial court agreed and granted the State's motion to dismiss.

We reverse. The statute's plain language, its context, and other accompanying indications of intent all show that this special, in-person filing requirement applies only when the defendant *voluntarily* complies with the judgment. Here, by contrast, the State forced Dudley to preemptively serve his sixty-day sentence by jailing him while he awaited trial. That was not Dudley's choice. Accordingly, we hold that Dudley was not in "compliance with the judgment" as that phrase is used in the statute and he therefore properly appealed the judgment by filing a timely written notice of appeal. We reverse the trial court's dismissal of Dudley's appeal and remand this matter to the trial court.

## Facts and Procedural History

In 2015, Defendant Larry Lee Dudley was charged with felony stalking and the lesser-included offense of misdemeanor stalking. Dudley was held in pre-trial confinement pending his trial.

In 2016, the district court convicted Dudley of misdemeanor stalking and sentenced him to 60 days in prison. But the court credited Dudley for the time served in pre-trial confinement, which was substantially more than 60 days. As a result, Dudley was immediately released following entry of judgment.

Nine days later, Dudley filed a *pro se* written notice of appeal with the clerk of the superior court. The State then moved to dismiss the appeal pursuant to N.C. Gen. Stat. § 15A-1431(d), arguing that Dudley failed to comply with the statute's jurisdictional notice requirements. The trial court dismissed Dudley's appeal for lack of jurisdiction and later denied his petition for a writ of certiorari. This Court granted Dudley's petition for a writ of certiorari and ordered appointment of counsel to represent Dudley in this appeal.

**Analysis**

The sole issue in this appeal is whether Dudley complied with the jurisdictional requirements to appeal his district court conviction to superior court. The parties acknowledge that this issue presents a novel question of statutory interpretation.

We review this statutory interpretation question *de novo. State v. Skipper*, 214 N.C. App. 556, 557, 715 S.E.2d 271, 272 (2011). "Our task in statutory interpretation is to determine the meaning that the legislature intended upon the statute's enactment." *State v. Rieger*, __ N.C. App. __, __, 833 S.E.2d 699, 700–01 (2019). "The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish." *Id.* at __, 833 S.E.2d at 701.

The statute in question is N.C. Gen. Stat. § 15A-1431, which creates the jurisdictional rules for an appeal from district court to superior court in criminal

cases. The statute provides that a "defendant convicted in the district court before the judge may appeal to the superior court for trial de novo with a jury as provided by law." N.C. Gen. Stat. § 15A-1431(b). A defendant seeking to appeal may give notice of appeal within 10 days of entry of judgment either "orally in open court or in writing to the clerk." N.C. Gen. Stat. § 15A-1431(b), (c). There is no dispute that Dudley gave written notice of appeal to the clerk of superior court in writing within 10 days of entry of the challenged judgment.

But the State points to a separate provision of the statute requiring "in person" notice of appeal in situations where, at the time of the notice of appeal, the defendant already was in "compliance with the judgment":

> (d) A defendant convicted by a magistrate or district court judge is not barred from appeal because of compliance with the judgment, but notice of appeal after compliance must be given by the defendant in person to the magistrate or judge who heard the case or, if he is not available, notice must be given:
>
> > (1) Before a magistrate in the county, in the case of appeals from the magistrate; or
> >
> > (2) During an open session of district court in the district court district as defined in G.S. 7A-133, in the case of appeals from district court.

N.C. Gen. Stat. § 15A-1431(d).

The State argues that, at the time Dudley filed his written notice of appeal, he was in "compliance with the judgment" because he was sentenced to time served, which, in the State's view, meant he had fully complied with his sentence. Dudley, by

contrast, argues that the word "compliance" requires some element of "assent" and, because the State forced him to be confined until trial, he did not assent to that time served.

We agree with Dudley that, in the context of this statute, the word "compliance" carries with it a connotation of voluntariness. We begin, as we must, with the statute's plain language. "When examining the plain language of a statute, undefined words in a statute must be given their common and ordinary meaning." *Rieger*, __ N.C. App. at __, 833 S.E.2d at 701. Dictionaries define "compliance" as "giving in to a request, wish, or demand; acquiescence." *Webster's New World College Dictionary* 304 (5th ed. 2014). Thus, in its most natural usage, the term "compliance" carries with it a notion that the defendant somehow *chose* to be in compliance.

This interpretation is confirmed by the Criminal Code Commission's official commentary discussing the drafting of this provision. The commentary states that the statute "deals with a problem which has recurred with some frequency. That problem has been presented by the defendant, not represented by counsel, who pays his fine and then wishes to appeal. When he secures counsel, he finds that he has lost his right to appeal by complying with the sentence." N.C. Gen. Stat. § 15A-1431(d), Criminal Code Commission Commentary. This commentary further confirms that the drafters of this provision viewed the term "compliance" as requiring some voluntary

step by the defendant. It thus would not apply to a defendant who was forced by the State to comply with a judgment without the freedom to decline.

Here, Dudley's purported "compliance" with his criminal sentence was not his choice. He was involuntarily detained in pre-trial confinement while awaiting trial and was later credited with time served as part of his criminal judgment. As a result, although Dudley had fully served his sentence at the time judgment was rendered, he was not in "compliance with the judgment" under the plain meaning of Section 15A-1431(d). Dudley therefore properly gave notice of appeal by doing so in writing within ten days of the entry of judgment. N.C. Gen. Stat. § 15A-1431(c). We reverse the trial court's order dismissing Dudley's appeal and remand for his appeal to be heard by the trial court.

## Conclusion

We reverse the trial court's order and remand this matter to the trial court.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge ZACHARY concur.