[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11131

Non-Argument Calendar

_____

WILMER DE JESUS CRUZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A099-255-306

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Wilmer De Jesus Cruz seeks review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order of his removal and denial of cancellation of removal. In September 2017, Cruz was convicted of felony breaking and entering and felony larceny in North Carolina. He was sentenced to 8 to 19 months' imprisonment consolidated for both Class H felony offenses. The court found no aggravating or mitigating factors, and instead noted it made "no written findings because the prison term imposed [was] within the presumptive range of sentences authorized under" N.C. Gen. Stat. § 15A-1340.17(c). In October 2019, the Department of Homeland Security initiated removal proceedings against Cruz via a Notice to Appear that charged him as removable, in relevant part, under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony for his breaking and entering offense.

Before the BIA, Cruz argued that it is impossible to tell how much sentencing weight each of his charges had on his overall sentence. He cited *State v. Moore*, 395 S.E.2d 124 (N.C. 1990), and *State v. Wortham*, 351 S.E.2d 294 (N.C. 1987), for the proposition that when convictions are consolidated for sentencing in North Carolina, without written findings or some other additional information in the record, courts are unable to determine what weight, if any, the trial court gave to each separate conviction. Cruz also

argued that *State v. Skipper*, 715 S.E.2d 271 (N.C. Ct. App. 2011), did not stand for the proposition that all sentences in a consolidated sentence are the functional equivalent of a concurrent judgment, but rather, for the proposition that the "equally attributable" rule is inapplicable to consolidated judgments.

In its order, the BIA cited only *Skipper* for the proposition that the sentence for a consolidated judgment applied to all of the convictions consolidated in the judgment and did not engage with the line of cases cited by Cruz that the weight given to each separate conviction is indeterminable without additional record information. Cruz asserts the BIA erred in concluding this and, as such, erred in concluding he was ineligible for cancellation of removal as an aggravated felon given that his consolidated sentence was not a term of imprisonment of at least one year solely for the charge of breaking and entering. The Government concedes in its response brief that the BIA failed to give reasoned consideration to this issue and requests that we remand for the BIA to explain its holding regarding *Skipper* and other North Carolina authorities that are in tension with its holding regarding consolidated sentences.

We review *de novo* whether a conviction qualifies as an "aggravated felony." *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335-36 (11th Cir. 2011). An aggravated felony includes crimes of violence for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). We have held that "an aggravated felony is defined by the sentence actually imposed." *United States v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000).

As acknowledged by the Government, there appears to be tension in the law of North Carolina as to how the sentence in a consolidated judgment applies to each of the convictions, and the BIA did not specifically address the authorities and arguments presented below on this issue.  Notably, while *Skipper* concluded that a reduced sentence was not warranted when one of the convictions of a consolidated judgment was vacated where the remaining convictions had the same highest classification of felony regardless of the vacated conviction, other authorities state that remand is necessary in this situation because appellate courts are unable to determine what weight was given to each offense.  The BIA failed to consider these contrary authorities.  North Carolina courts also distinguish between consolidated and concurrent sentences. *See United States v. Davis*, 720 F.3d 215, 218 (4th Cir. 2013). While we could grapple with these authorities in the first instance, "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002); *Lauture v. U.S. Att'y Gen.*, No. 19-13165, 2022 WL 805703 at *8 (11th Cir. Mar. 17, 2022).

We grant Cruz's petition, vacate the BIA's decision, and remand so that the BIA can engage with the parties' arguments and caselaw more thoroughly. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018) ("Where the BIA has not given reasoned consideration of a question or made adequate findings, we remand for further proceedings."(quotations omitted)).  Once

21-11131               Opinion of the Court                    5

it does so, the BIA can clarify the basis of its ruling and determine whether Cruz's North Carolina felony breaking and entering conviction had a sentence of at least one year. *See* 8 U.S.C. § 1101(a)(43)(F); *Guzman-Bera*, 216 F.3d at 1020.

**PETITION GRANTED.**