IN THE SUPREME COURT OF NORTH CAROLINA

No. 442PA20-2

Filed 12 December 2025

STATE OF NORTH CAROLINA

v.

JAMES RYAN KELLIHER

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, No. COA23-691 (N.C. Ct. App. May 7, 2024), vacating judgments entered on 31 March 2023 by Judge James F. Ammons Jr. in Superior Court, Cumberland County, and remanding the case. Heard in the Supreme Court on 15 April 2025.

*Jeff Jackson, Attorney General, by Heidi M. Williams, Special Deputy Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Kathryn L. VandenBerg, Assistant Appellate Defender, for defendant-appellee.*

BERGER, Justice.

In *Kelliher I*, a majority of this Court held that sentencing a juvenile murderer to two consecutive terms of life with parole violates the Eight Amendment to the United States Constitution and Article I, Section 27 of the North Carolina Constitution. *See State v. Kelliher* (*Kelliher I*), 381 N.C. 558, 577–78, 597 (2022). This Court remanded for resentencing with "instructions to enter two concurrent sentences of life with parole." *Id.* Now, defendant challenges the resentencing court's

exercise of its discretion to run his ancillary convictions for robbery with a dangerous weapon consecutive to the two sentences of life with parole for the murders. The Court of Appeals agreed with defendant. We reverse.

## I.    Factual and Procedural Background

This is defendant's second appeal before this Court stemming from the August 2001 murders of Eric Carpenter and his pregnant girlfriend, Kelsea Helton.[1] The seventeen-year-old defendant was charged with two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of conspiracy to commit robbery with a dangerous weapon. On 1 March 2004, defendant pled guilty to all charges and was sentenced to two consecutive sentences of life without parole for the first-degree murder convictions and concurrent sentences of sixty-four to eighty-six months for the robbery convictions and twenty-five to thirty-nine months for the conspiracy conviction.

On 27 June 2013, defendant filed a motion for appropriate relief seeking resentencing after the Supreme Court of the United States held that mandatory sentences of life imprisonment without parole for defendants who were juveniles at the time of their crime violate the Eighth Amendment to the federal Constitution. *See Miller v. Alabama*, 567 U.S. 460, 465 (2012). Defendant's MAR was initially denied due to the trial court's uncertainty about *Miller*'s retroactive effect. But

---

[1] For a more complete recitation of the facts of this case, see *State v. Kelliher* (*Kelliher I*), 381 N.C. 558 (2022).

following this Court's confirmation of *Miller*'s retroactive applicability, *see, e.g.*, *State v. Young*, 369 N.C. 118, 123 (2016), the Court of Appeals reversed the trial court's order and remanded for resentencing pursuant to the General Assembly's *Miller*-fix statute, codified at N.C.G.S. §§ 15A-1340.19A to 1340.19D. On remand, defendant received two consecutive sentences of life with the possibility of parole. Pursuant to those sentences, defendant faced a minimum of fifty years in prison. *See* N.C.G.S. § 15A-1340.19A (2023) (providing that life imprisonment with parole requires a defendant to serve a minimum of twenty-five years imprisonment before becoming eligible for parole).

In December 2018, defendant appealed again, arguing that the consecutive nature of his sentence constituted a "de facto" sentence of life without parole. *Kelliher I*, 381 N.C. at 560. A majority of this Court discerned from our state's constitution that

> any sentence or combination of sentences which, considered together, requires a juvenile offender to serve more than forty years in prison before becoming eligible for parole is a de facto sentence of life without parole within the meaning of article I, section 27 of the North Carolina Constitution because it deprives the juvenile of a genuine opportunity to demonstrate he or she has been rehabilitated and to establish a meaningful life outside of prison.

*Id.* The Court remanded to the trial court noting,

> Although we would ordinarily leave resentencing to the trial court's discretion, we agree with the Court of Appeals that of the two binary options available—consecutive or concurrent sentences of life with parole—one is

unconstitutional. Accordingly, we remand to the trial court with instructions to enter two concurrent sentences of life with parole.

*Id.* at 597 (cleaned up).

On remand, the resentencing court held a hearing to determine the scope of the mandate from *Kelliher I.* Specifically, the resentencing court was unsure of its authority to enter an order that included defendant's convictions for robbery with a dangerous weapon and conspiracy to commit robbery.

The resentencing court made the following comments on the record:

> [W]ell, if 40 years is the limit, then this Court should determine what sentence within that time period is appropriate under all the circumstances. Can the Court arrest judgment in one of these murder cases and reduce it to second degree murder and sentence the defendant for first degree murder and then second degree murder but make sure that he—I keep the sentence below 40? Can the Court resentence on these other convictions that he pled to, these other matters, which were two counts of armed robbery and one count of conspiracy? And even though you say those sentences have been served, if the Court vacates all of those sentences and then starts over, . . . he will not lose a day of credit because the combined records department of department of corrections will figure that out.
>
> So right now I see my choices as do nothing and just do what he's arguing the Supreme Court said just—and just do the paperwork. Make them concurrent. Or consider whether sentencing on these other offenses is appropriate and whether to make them consecutive or concurrent or whether to arrest judgment in one of these cases and change the character of the conviction to such that the punishment is not unconstitutional or start completely over where [the previous sentencing judge] was.

The resentencing court then engaged in the following exchange with defense counsel:

> [DEFENSE COUNSEL]: . . . Your Honor, again, I'm . . . just submitting back to the Court . . . that this opinion that we're before Your Honor for specifically just talks about murders and again that's the life with—
>
> THE COURT: Well, to me, that's the whole key. I mean I can read. It says we order it remanded for the imposition of two concurrent life sentences. I got that. After we've already handled all these other issues, that's what I intend to do. I'm going to do that.
>
> [DEFENSE COUNSEL]: I know, Judge.
>
> THE COURT: But there's still questions about these other offenses.
>
> [DEFENSE COUNSEL]: I don't think that's why we are here though. I think the scope to which this—
>
> THE COURT: Tell me why we're not here for that.
>
> [DEFENSE COUNSEL]: It's not in the opinion, Judge. I mean those offenses, as the court indicated, are not—and even in the *Miller* hearing, none of this was considered. The only thing we were talking about was those particular life without parole sentences. That's in the Court of Appeals' opinion and the Supreme Court opinion.
>
> THE COURT: Well, [the previous sentencing judge's] order didn't vacate those. They didn't go away. He didn't address them because his full sentence was life with parole plus life with parole. He left those other ones there. He was doing a resentencing. Okay. I see what you're saying. This is just— you just want me to kind of check the box.

Ultimately, on 31 March 2023, the resentencing court vacated the judgments entered on 1 March 2004 and sentenced defendant to two consecutive terms of

sixty-four to eighty-six months imprisonment for the robberies, to be followed by two concurrent terms of life with parole for the first-degree murder convictions.[2] Under this new sentence, and after receiving credit for time already served, defendant would be eligible for parole after approximately thirty-six to thirty-nine years imprisonment, satisfying the *Kelliher I* forty-year edict from this Court.

Defendant appealed again, this time arguing, inter alia, that the resentencing court exceeded the authority given to it under the *Kelliher I* mandate. The Court of Appeals agreed, asserting that the opinion in *Kelliher I* was

> clear that, while the ordinary remedy on remand from a successfully appealed sentence is a new sentencing hearing within the discretion of the trial court, no such discretion existed here because . . . the mandate was to remand to the trial court with instructions to enter two concurrent sentences of life with parole.

*State v. Kelliher*, No. COA23-691, 2024 WL 2014207, at *5 (N.C. Ct. App. May 7, 2024). The panel thus remanded "for the entry of new judgments exactly identical with those previously appealed from except in that the life without parole sentences are to run concurrently rather than consecutively." *Id.*

We allowed the State's petition for discretionary review to address the issue concerning the court's discretion on resentencing. On appeal, the State argues that the Court of Appeals erred by holding that the resentencing court could not consider

---

[2] For the conspiracy conviction, the resentencing court imposed a sentence of twenty-five to thirty-nine months imprisonment to run concurrently with the robbery sentences.

the consecutive or concurrent nature of defendant's sentences for the robbery and conspiracy convictions. Further, the State asserts that N.C.G.S. § 15A-1354(a) warrants a presumption in favor of a trial court's de novo resentencing authority. For the reasons set forth herein, we reverse the judgment of the Court of Appeals and reinstate the 31 March 2023 judgments.[3]

## II. Discussion

When a defendant receives an unconstitutional sentence, the proper remedy is to vacate that sentence and order a new sentencing hearing. *See Young*, 369 N.C. at 126. "[E]ach sentencing hearing in a particular case is a *de novo* proceeding." *State v. Abbott*, 90 N.C. App. 749, 751 (1988). Ultimately, the purpose of any such hearing is

> to impose a punishment commensurate with the injury the

---

[3] We note that defendant raised four arguments at the Court of Appeals, only the first of which was addressed below. Specifically, defendant argued that the resentencing court (1) exceeded the authority given to it under the mandate of *Kelliher I*, (2) violated the law of the case by imposing a sentence unauthorized by the mandate, (3) imposed a sentence violative of N.C.G.S. § 15A-1354, and (4) violated the Eighth Amendment to the Constitution. *See Kelliher*, 2024 WL 2014207, at *4. While we would typically remand to the Court of Appeals for determination of the remaining issues in the first instance, *see Blue v. Bhiro*, 381 N.C. 1, 7 (2022), we find it unnecessary to do so in this case, *see, e.g.*, *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjustment*, 365 N.C. 152, 158 (2011) ("Remand is not automatic when an appellate court's obligation to review for errors of law can be accomplished by addressing the dispositive issue(s)." (cleaned up)).

Issues one through three, all challenging the scope of the resentencing court's authority under the *Kelliher I* mandate and section 15A-1354, are sufficiently interrelated so as to be resolved by our decision here. Regarding issue four, defendant failed to raise a constitutional objection at the resentencing court and thus failed to preserve this argument on appeal. *See, e.g.*, *State v. Valentine*, 357 N.C. 512, 525 (2003) ("The failure to raise a constitutional issue before the trial court bars appellate review."). Accordingly, we reverse the Court of Appeals' judgment and reinstate the 31 March 2023 judgments, resolving defendant's appeal in full.

offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C.G.S. § 15A-1340.12 (2023).

Trial courts are necessarily afforded discretion to effectuate these goals. For example, "the decision to depart from the presumptive range [of length of sentence] is in the discretion of the court," N.C.G.S. § 15A-1340.16(a) (2023), and a court "may suspend the sentence of imprisonment if the class of offense and prior record level authorize, but do not require, active punishment as a sentence disposition[,]" N.C.G.S. § 15A-1340.13(f) (2023).

Further, and central to this appeal, the trial court is afforded discretion to run multiple sentences for felony convictions either consecutively or concurrently. *See* N.C.G.S. § 15A-1354(a) (2023); *State v. Ysaguire*, 309 N.C. 780, 785 (1983) ("[Subsection 15A-1354(a)] vests the sentencing judge with discretion to impose either consecutive or concurrent sentences."). *But see* N.C.G.S. § 15A-1340.22(a) (2023) (limiting the maximum cumulative length of consecutive sentences for certain misdemeanors and prohibiting consecutive sentences when all convictions are for Class 3 misdemeanors).

Specifically, the General Assembly has provided that

[w]hen multiple sentences of imprisonment are imposed on a person at the same time or when a term of imprisonment is imposed on a person who is already subject to an

undischarged term of imprisonment, including a term of imprisonment in another jurisdiction, the sentences may run either concurrently or consecutively, as determined by the court. If not specified or not required by statute to run consecutively, sentences shall run concurrently.

N.C.G.S. § 15A-1354(a). This subsection applies to the original sentencing court and any resentencing court alike. *See State v. Oglesby*, 382 N.C. 235, 237 (2022) ("[U]nder N.C.G.S. § 15A-1354(a), the resentencing court possessed the authority to run any and all of [the defendant's] sentences imposed at the same time either concurrently or consecutively.").

When a reviewing court "remand[s] a case to the trial court for resentencing, that hearing shall generally be conducted *de novo.*" *State v. Paul*, 231 N.C. App. 448, 449 (2013). But a trial court's de novo resentencing authority may be limited by a reviewing court's mandate on remand. Such mandates are "binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court." *State v. Watkins*, 246 N.C. App. 725, 730 (2016) (cleaned up) (quoting *Bodie v. Bodie*, 239 N.C. App. 281, 284 (2015)).

The Court of Appeals concluded that our mandate in *Kelliher I* entirely divested the resentencing court of its de novo sentencing authority. *Kelliher*, 2024 WL 2014207, at *5. Under the Court of Appeals' interpretation, our remand "with instructions to enter two concurrent sentences of life with parole," *see Kelliher I*, 381 N.C. at 597, both required the resentencing court to enter said sentence *and* stripped the resentencing court of its de novo authority to make any other sentencing

determinations. This analysis is doubly flawed.

First, the Court of Appeals failed to acknowledge that the resentencing court properly executed the *Kelliher I* mandate to "enter two concurrent sentences of life with parole." *See id.* Defendant's appeal in *Kelliher I* only addressed sentencing for his two murder convictions, and this Court did not dictate how any other issues should be resolved on remand. The resentencing court did not violate our mandate because the mandate in no way limited the de novo resentencing hearing beyond the murder convictions. In other words, the resentencing court complied with our instruction regarding the murder convictions and was otherwise free to grapple with the additional convictions which were left wholly unaddressed by the mandate.

But mandates do not exist in a vacuum, and in the absence of language limiting the scope of the remand, the resentencing court must comply with subsection 15A-1354(a). This was the second flaw in the Court of Appeals' analysis. Pursuant to the statute, "the resentencing court possesses the authority and the discretion to run any sentences 'imposed . . . at the same time or . . . imposed on a person who is already subject to an undischarged term of imprisonment . . . either concurrently or consecutively, as determined by the court.' " *Oglesby*, 382 N.C. at 248 (quoting N.C.G.S. § 15A-1354(a) (2021)). Defendant's sentences for two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of conspiracy to commit robbery were all imposed on 1 March 2004. Under the plain text of the statute, and as we reaffirmed in *Oglesby*, the resentencing court had the authority to

run these sentences concurrently or consecutively, so long as the sentence imposed complied with the forty-year limitation of *Kelliher I* and the mandate therein. Because the *Kelliher I* mandate did not address the ancillary convictions or otherwise limit the resentencing court's discretion, the statute provided explicit authority to run the robbery convictions consecutive to the first-degree murder convictions.

Defendant argues that the resentencing court lacked jurisdiction over the ancillary robbery and conspiracy convictions. Specifically, because this appeal stems from defendant's original MAR in which he challenged only the two life sentences without parole, defendant contends that the ancillary convictions are not at play. As set forth above, defendant's argument cannot be squared with the *Kelliher I* mandate or the text of subsection 15A-1354(a) because we would be forced to interpret "[sentences imposed] at the same time," *see* N.C.G.S. § 15A-1354(a) (2023), as "sentences challenged on appeal." We decline to adopt a reading at odds with the plain text of the statute and our decision in *Oglesby*.

Further, we decline to adopt a rule that would incentivize gamesmanship and encourage criminal defendants to selectively pick and choose among their convictions to strategically fashion a resentencing court's scope of authority. Rather, a defendant seeking to be resentenced cannot complain when, as here, a full resentencing in fact takes place.

## III.  Conclusion

A sentencing court is presumptively afforded de novo sentencing authority.

This authority may be limited by statute or in circumstances where a reviewing court's mandate cabins that discretion as to particular issues. But reviewing courts do not craft mandates through their silence, and lower courts are tasked with executing the instructions actually issued. Accordingly, a resentencing court retains its de novo authority as to the issues a mandate leaves unaddressed.

Here, the resentencing court's actions were squarely within its statutory authority under subsection 15A-1354(a). Defendant's new sentence both satisfied *Kelliher I* and complied with the letter of our mandate therein. Because the Court of Appeals erroneously construed our *Kelliher I* mandate as divesting the resentencing court of all discretion on matters left wholly unaddressed, we reverse the judgment of the Court of Appeals and reinstate the 31 March 2023 judgments.

REVERSED.