MINEOLA COMMUNITY BANK, S.S.B. v. DAVID EVERSON, AND PATRICIA EVERSON

No. COA07-133

(Filed 6 November 2007)

**1. Appeal and Error— judicial notice by Court of Appeals— appeal in another state**

Judicial notice was taken by the Court of Appeals of defendants' appeal of an underlying judgment through the Texas courts.

**2. Jurisdiction— subject matter—foreign judgment—pending appeal**

The trial court did not lack subject matter jurisdiction in an action to enforce a foreign judgment where an appeal of that judgment was pending. Assuming that defendants invoked the correct statute, they did not assert the pendency of the Texas appeal and the record is silent as to any bond being posted.

**3. Judgments— foreign jurisdiction—pending appeal**

Defendants cited no statutory or common-law authority for the claim that full faith and credit should not be accorded to a judgment where the underlying case is pending appeal in the foreign jurisdiction. It was defendants' responsibility to seek a stay of the North Carolina proceedings in the trial court pursuant to N.C.G.S. § 1C-1705(a)(2).

**4. Appeal and Error— pro se litigant—sanctions**

Sanctions were imposed against pro se litigants who castigated plaintiff's counsel in an attempt to conceal their own deficient pleadings and defense and who asserted that the judge committed fraud or was not impartial. The fact that a judge has ruled against a party does not constitute a basis for asserting fraud or impartiality. Taken together, defendants' violations are egregious and transcend the tolerance level ordinarily reserved for pro se litigants. N.C. R. App. P. 34(b)(2)(a).

Appeal by defendants from judgment entered 6 October 2006 by Judge Richard L. Doughton in Rockingham County Superior Court. Heard in the Court of Appeals 20 September 2007.

*Wyatt Early Harris Wheeler, LLP, by Jason M. Goins, for plaintiff-appellee.*

*Patricia M. Everson, David K. Everson, pro se, defendants-appellants.*

STEELMAN, Judge.

Where defendants failed to seek a stay of proceedings to domesticate a foreign judgment based upon the pendency of an appeal in that jurisdiction, the trial court did not err in giving full faith and credit to the Texas judgment. The courts of North Carolina will not tolerate vicious and spurious attacks on the integrity of opposing counsel and the trial judge.

On 11 July 2006, Mineola Community Bank (plaintiff) filed a notice of filing of a foreign judgment against David and Patricia Everson (defendants) in the Superior Court of Rockingham County. The Upshur County, Texas judgment, dated 22 June 2005, accompanied the notice. Defendants filed a Response and Motion to Dismiss on 2 August 2006, asserting ambiguity in plaintiff's notice and challenging the jurisdiction of the North Carolina courts. The matter was set for hearing on 22 September 2006.

Defendants failed to appear. The trial court entered an order finding that the Texas judgment was entitled to full faith and credit pursuant to N.C. Gen. Stat. § 1C-1700 *et seq.* and granting plaintiff's motion to enforce the judgment. Defendants appeal.

### Judicial Notice of Texas Proceedings

[1] Defendants' appeal of the underlying judgment through the Texas courts, unmentioned in their responsive pleadings but referenced in their brief, is necessary background to the appeal in this matter. We therefore take judicial notice of the Texas appellate proceedings. The judgment from which appeal was taken was entered on 22 June 2005. On 31 January 2007, the Twelfth Court of Appeals of Texas issued a memorandum opinion in which it affirmed the decision of the trial court. On 14 March 2007, defendants filed a petition for review by the Supreme Court of Texas, which dismissed the petition on 1 June 2007. On 3 July 2007, the mandate of the Twelfth Court of Appeals of Texas issued.

### Jurisdiction

[2] In their first argument, defendants contend that the trial court lacked subject matter jurisdiction because there was a pending appeal in the Texas courts of the judgment sought to be enforced. We disagree.

Defendants erroneously cite to N.C.G.S. § 1C-1800 *et seq.*, the North Carolina Foreign Money Judgments Recognition Act, which

governs judgments of "governmental unit[s] *other than* the United States, any state," or U.S. territory. N.C.G.S. § 1C-1801 (2005) (emphasis added). By arguing an incorrect statute, defendants have failed to present authority in support of this assignment of error and it is dismissed pursuant to N.C. R. App. P. 28(b)(6) (2007).

The controlling statute is N.C.G.S. § 1C-1700 *et seq.*, governing recognition of judgments of federal and state courts that are "entitled to full faith and credit in this State." N.C.G.S. § 1C-1702 (2005). Assuming *arguendo* that the defendants had cited and argued the correct statute, their argument nonetheless fails because the defendants failed to comply with the terms of the statute, which provides a procedure for seeking a stay of the North Carolina proceedings when the foreign judgment has been appealed.

> The judgment debtor may file a motion for relief from . . . the foreign judgment on the grounds that the foreign judgment has been appealed from, or enforcement has been stayed by, the court which rendered it, or on any other ground for which relief from a judgment of this State would be allowed. . . . [T]he court shall stay enforcement of the foreign judgment for an appropriate period *if the judgment debtor shows* that:
>
>> (1) The foreign judgment has been stayed by the court that rendered it; or
>>
>> (2) An appeal from the foreign judgment is pending . . . and the judgment debtor executes a written undertaking in the same manner and amount as would be required in the case of a judgment entered by a court of this State under G.S. 1-289.

N.C.G.S. § 1C-1705(a) (2005) (emphasis added). Thus, the proceedings in North Carolina to enforce the judgment will be stayed upon a showing by the judgment debtor that the foreign court has stayed the judgment, or that an appeal is pending in the foreign jurisdiction and defendants have posted a bond in North Carolina. In this case, defendants did not assert the pendency of the Texas appeal before the North Carolina court, and the record is silent as to any bond being posted.

**[3]** In their second argument, defendants contend that: (1) the pending appeal in the Texas courts precluded application of the "full faith and credit" doctrine; (2) the trial court erred in entering an order before defendants' appeal in the Texas courts was resolved; and (3) the failure of plaintiff's counsel to disclose the pending appeal was

intended to "perpetrate a fraud on the court, subvert the trial process, and/or disrupt the court's functioning." We disagree.

Defendants cite no statutory or common-law authority for their claim that full faith and credit should not be accorded to a judgment where the underlying case is pending appeal in the foreign jurisdiction. Failure to cite authority is a violation of N.C. R. App. P. 28(b)(6) and subjects this argument to dismissal. *See State v. Cummings*, 361 N.C. 438, 479, 648 S.E.2d 788, 812-13 (2007); *Atchley Grading Co. v. W. Cabarrus Church*, 148 N.C. App. 211, 212-13, 557 S.E.2d 188, 189 (2001).

As noted above, it was defendants' responsibility to seek a stay of the North Carolina proceedings in the trial court pursuant to N.C.G.S. § 1C-1705(a)(2). We decline to allow defendants to use spurious and frivolous attacks upon the integrity of opposing counsel and the trial court as a smokescreen for their failure to seek a stay. This assignment of error is totally without merit.

### Sanctions

[4] Rule 34 of the North Carolina Rules of Appellate Procedure authorizes this Court to impose sanctions against a party when we determine that an appeal is frivolous because:

> (3) a petition, motion, brief, record, or other paper filed in the appeal was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court.

N.C. R. App. P. 34(a)(3) (2007). We hold that defendants have violated this provision in two respects. In making this ruling, we have considered defendants' *pro se* status, but find their conduct too egregious to overlook.

First, defendants, in their brief, roundly castigate plaintiff's counsel for not disclosing to the trial court the pendency of their appeal of the original Texas judgment. As noted above, it was incumbent upon the defendants to present to the court the fact that an appeal was pending and seek a stay. This they did not do. Instead, defendants have engaged in a deliberate and unwarranted attack upon the personal integrity of plaintiff's counsel in an attempt to conceal their own deficient pleadings and defense of this matter. We hold that these accusations are "grossly lacking in the requirements of propriety" and

subject defendants to sanctions under N.C. R. App. P. 34(a)(3). Such conduct will not be tolerated in the appellate courts of this State.

Second, in the record on appeal, one of defendant's assignments of error states:

Judge Doughton committed fraud on the court by failing to uphold the doctrine of stare decisis and Rule of Law thereby failing to perform his judicial functions impartially.

The fact that a judge of the trial division of this State has ruled against a party does not constitute any basis for asserting that the judge committed fraud or was not impartial. The total frivolity of this assignment of error is shown by the fact that defendants failed to argue the matter on brief. We hold that this assignment is "grossly lacking in the requirements of propriety" and subjects defendants to sanctions under N.C. R. App. P. 34(a)(3). Such spurious allegations concerning the integrity of our trial bench will not be tolerated. *See State v. Rollins*, 131 N.C. App. 601, 607-08, 508 S.E.2d 554, 558-59 (1998).

Defendants' conduct, as set forth above, violates the provisions of Rule 34(a)(3). Alone, either of these violations might be overlooked. Taken together, they are egregious and transcend the tolerance level ordinarily reserved for *pro se* litigants. Consequently, in our discretion and pursuant to N.C. R. App. P. 34(b)(2)(a), we impose double costs upon defendants.

Defendants' brief addresses two of four original assignments of error. Pursuant to N.C. R. App. P. 28(b)(6) (2007), the remaining assignments of error are deemed to be abandoned.

AFFIRMED. DOUBLE COSTS ASSESSED AGAINST DEFENDANTS.

Judges BRYANT and GEER concur.