STATE OF NORTH CAROLINA v. MELVIN EARL HAGANS

No. COA07-743

(Filed 19 February 2008)

**1. Sentencing— on·remand—bias by judge—not demonstrated**

Defendant did not demonstrate bias by a judge in a resentencing after a remand where the sentence on remand was actually less than the original sentence, the sentencing judge carefully weighed the arguments by counsel and the mitigating factors offered by defendant, and there is no indication that the judge attempted to calculate a sentence that mirrored the original.

**2. Constitutional Law— double jeopardy—sentencing— attempt and completed act—multiple shots toward vehicle—one bullet hole**

Defendant's double jeopardy rights were not violated by three separate sentences for three counts of attempted discharge of a firearm into occupied property where the evidence was that seven shots were fired toward the car with one bullet hole found in the car.

**3. Appeal and Error— preservation of issues—denial of motion for appropriate relief—notice of appeal—not timely**

The appellate court was without jurisdiction to review an assignment of error to the extent it challenged the denial of a motion for appropriate relief where the record had no evidence that defendant filed a timely notice of appeal from the denial of his motion.

**4. Constitutional Law— double jeopardy—multiple attempts, one completion**

Defendant was not convicted and sentenced for both attempting and completing the same offense where seven shots

were fired and one struck the vehicle. Each shot fired constituted a separate offense; defendant was culpable for six attempted offenses and one completed offense.

Appeal by defendant from judgments entered 22 February 2007 by Judge Cy A. Grant in Pitt County Superior Court. Heard in the Court of Appeals 29 November 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*Bruce T. Cunningham, Jr., for defendant.*

JACKSON, Judge.

Melvin Earl Hagans ("defendant") appeals from his sentence received after remand from this Court on convictions for assault with a deadly weapon, discharge of a firearm into an occupied vehicle, and three counts of attempted discharge of a firearm into an occupied vehicle. For the following reasons, we dismiss in part and hold no error in part.

The facts of the instant case, which are set forth in greater detail in this Court's opinion in defendant's prior appeal, show that William Parker ("Parker") was robbed at gunpoint on 20 June 2004 by two masked, black males. *See State v. Hagans*, 177 N.C. App. 17, 18, 628 S.E.2d 776, 778 (2006). After the assailants drove away, Parker entered his vehicle and chased after them. *See id.* at 19, 628 S.E.2d at 779. During the chase, Parker "observed a muzzle flash from inside the Cadillac and heard a gunshot. . . . The chase continued for several minutes during which an arm and pistol emerged from the rear passenger window four times. Seven shots were fired toward Parker's car." *Id.* The assailants eventually eluded Parker but were stopped by police, and "[a]fter arriving home and inspecting his vehicle, Parker observed a small hole below the front grill of his vehicle, which appeared to be a bullet hole." *Id.*

A jury found defendant guilty of possession of a firearm by a felon, assault with a deadly weapon, discharge of a firearm into an occupied vehicle, and three counts of attempted discharge of a firearm into an occupied vehicle, and defendant was sentenced on 17 December 2004. Defendant appealed, and this Court vacated his possession of a firearm by a felon conviction and remanded for resentencing.

STATE v. HAGANS

[188 N.C. App. 799 (2008)]

Pursuant to this Court's opinion, the trial court resentenced defendant on 22 February 2007. The court found that defendant was a prior record level III offender. The State stipulated to the existence of mitigating factors presented by defendant. The court then sentenced defendant to twenty-three to thirty-seven months for the conviction of discharge of a firearm into occupied property, twenty-three to thirty-seven months for each of the three convictions for attempted discharge of a firearm into occupied property, and sixty days for the conviction of assault with a deadly weapon. Defendant gave notice of appeal in open court. Thereafter, as permitted by North Carolina General Statutes, section 15A-1414(c), defendant filed a motion for appropriate relief, which was denied by order filed 2 April 2007.[1]

On appeal, defendant first contends that the trial judge who sentenced him was biased and that his due process rights, therefore, were violated. Specifically, defendant argues in his brief that (1) "Judge Grant appeared to make up his mind on the sentence before the evidence was heard"; and (2) Judge Grant "went to great lengths to fashion a sentence" and "went to the extraordinary step of 'unconsolidating' previously consolidated sentences in order to duplicate the original sentence." Having reviewed his arguments *de novo*,[2] *see State v. Cook*, 184 N.C. App. 401, 405, 647 S.E.2d 433, 436 (2007), we hold that defendant's arguments are wholly without merit.

[1] First, although defendant contends that he is entitled to relief pursuant to *Ward v. Village of Monroeville*, 409 U.S. 57, 60, 34 L. Ed. 2d 267, 270 (1972), and *Tumey v. Ohio*, 273 U.S. 510, 523, 71 L. Ed. 749, 754 (1927), defendant has not demonstrated, much less attempted to demonstrate, how Judge Grant had " 'a direct, personal, substantial, pecuniary interest in reaching a conclusion against him

---

1. *See* N.C. Gen. Stat. § 15A-1414(c) (2005) (noting that a motion for appropriate relief pursuant to section 15A-1414 "may be made and acted upon in the trial court whether or not notice of appeal has been given"); *see also* N.C. Gen. Stat. § 15A-1414 cmt. (2005) ("Giving notice of appeal does not divest the jurisdiction of the trial court to act on a motion.").

2. The State contends that, pursuant to North Carolina General Statutes, section 15A-1444(a1), defendant does not have a right to appeal his sentence. Section 15A-1444(a1) provides that a defendant may "appeal as a matter of right *the issue of whether his or her sentence is supported by evidence* introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range." N.C. Gen. Stat. § 15A-1444(a1) (2005) (emphasis added). In the instant case, defendant does not contend that his sentence was not supported by the evidence, but rather that the sentencing judge was biased. Therefore, section 15A-1444(a1) does not bar defendant's appeal of this matter.

in his case.' " *Ward,* 409 U.S. at 60, 34 L. Ed. 2d at 270 (quoting *Tumey,* 273 U.S. at 523, 71 L. Ed. at 754). Furthermore, although defendant laments that the trial court changed the manner in which it originally consolidated his sentences, defendant expressly *consented* to "a re-sentencing of all the charges rather than a resentencing restricted to the misdemeanor of assault with a deadly weapon." *See State v. Ransom,* 80 N.C. App. 711, 713, 343 S.E.2d 232, 234 ("[N]othing pro-hibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand."), *cert. denied,* 317 N.C. 712, 347 S.E.2d 450 (1986); *see also State v. Mitchell,* 67 N.C. App. 549, 551, 313 S.E.2d 201, 202 (1984) ("For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence."). Additionally, defendant contends that notes taken by the judge during the sentencing hearing may demonstrate a strained attempt to calculate a sentence mirroring the duration of the original sentence.[3] However, the record demonstrates that the sentencing judge carefully weighed arguments by counsel as well as the mitigat-ing factors offered by defendant, and there is no indication that the sentencing judge attempted to calculate a sentence mirroring the duration of the original term.

In fact, a review of the record reveals that the judge ultimately sentenced defendant in the mitigated range to a total term of impris-onment *less* than the original sentence. Defendant originally was sen-tenced to 108 to 150 months imprisonment. After deducting the thir-teen- to sixteen-month presumptive range for defendant's vacated conviction for possession of a firearm by a felon, *see* N.C. Gen. Stat. §§ 14-415.1(a), 15A-1340.17(c) (2005), defendant's sentence would total ninety-five to 134 months. This range would be reduced further by the statutory credit provided by North Carolina General Statutes, section 15A-1354(b):

> In determining the effect of consecutive sentences . . . and the manner in which they will be served, the Department of Correction must treat the defendant as though he has been com-mitted for a single term with the following incidents:

---

3. In assignment of error number 10, which defendant listed in the argument heading in his brief, defendant contends that the sentencing judge erred in denying his request to make the judge's notes part of the record on the grounds that "the notes were . . . public record because Judge Grant is an elected official." Although other juris-dictions have had the opportunity to decide this issue, *see, e.g., Beuhler v. Small,* 64 P.3d 78, 82 (Wash. Ct. App. 2003) ("A judge's notes are not public simply because the judge is an elected official."), defendant failed to argue this issue in his brief. Accordingly, this assignment of error is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

(1) *The maximum prison sentence consists of the total of the maximum terms of the consecutive sentences, less nine months for each of the second and subsequent sentences imposed for Class B through Class E felonies*; and

(2) The minimum term consists of the total of the minimum terms of the consecutive sentences.

N.C. Gen. Stat. § 15A-1354(b) (2005) (emphasis added). Defendant's original consecutive sentences included two Class E felonies, and therefore, pursuant to section 15A-1354(b), the maximum term of defendant's total original sentence would be reduced by nine months, yielding a total original sentence of ninety-five to 125 months imprisonment.

Conversely, defendant's new sentence of ninety-four to 150 months imprisonment consists of four Class E felonies and, therefore, would be reduced by three nine-month credits pursuant to section 15A-1354(b). *See id.* After deducting the three credits totaling twenty-seven months from the maximum term of defendant's new sentence, defendant's new sentence amounts to ninety-four to 123 months. As a result, the minimum term of defendant's new sentence is *one month less* than the corresponding term of defendant's original sentence, and his new maximum term is *two months less* than his original maximum term. Therefore, after deducting the sentence for the conviction vacated by this Court and after granting defendant the full benefit of the statutory credits in section 15A-1354(b), defendant actually received a more favorable sentence on remand, and his arguments that the sentencing judge was biased and sentenced defendant more harshly on remand are without merit.[4] Accordingly, defendant's assignment of error is overruled.

[2] Defendant next argues that the imposition of three separate sentences for the three counts of attempted discharge of a firearm into occupied property—which defendant contends are "indistinguishable" offenses—violated defendant's right to be free from double jeopardy. We disagree.

---

4. We caution counsel to be particularly vigilant in his factual and legal assertions when alleging that a trial judge is biased. "[S]purious allegations concerning the integrity of our trial bench will not be tolerated," *Mineola Cmty. Bank, S.S.B. v. Everson*, 186 N.C. App. 668, 671-72, 652 S.E.2d 369, 372 (2007), and defense counsel previously has been sanctioned by this Court for making similar, baseless accusations of bias against a trial judge. *See State v. Rollins*, 131 N.C. App. 601, 607-09, 508 S.E.2d 554, 558-59 (1998).

"It is well established that '[t]he Double Jeopardy Clause of the North Carolina and United States Constitutions protect against (1) a second prosecution after acquittal for the same offense, (2) a second prosecution after conviction for the same offense, and (3) multiple punishments for the same offense.' " *State v. Priddy*, 115 N.C. App. 547, 550, 445 S.E.2d 610, 613 (1994) (alteration in original) (quoting *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986)). We review defendant's double jeopardy argument *de novo. See State v. Newman*, 186 N.C. App. 382, 386, 651 S.E.2d 584, 587 (2007).

In the case *sub judice*, the State indicted defendant in four separate indictments for violations of North Carolina General Statutes, section 14-34.1. "The elements of this offense are (1) willfully and wantonly discharging (2) a firearm (3) into property (4) while it is occupied." *State v. Rambert*, 341 N.C. 173, 175, 459 S.E.2d 510, 512 (1995); *see also* N.C. Gen. Stat. § 14-34.1 (2005). Defendant was convicted of one count of discharge of a firearm into an occupied vehicle and three counts of attempted discharge of a firearm into an occupied vehicle.

Defendant contends that his three convictions for attempted discharge of a firearm into an occupied vehicle violated double jeopardy because the indictments were identical. This same argument, however, was rejected in *State v. Rambert*, 341 N.C. 173, 459 S.E.2d 510, in which our Supreme Court was presented with a double jeopardy challenge to multiple indictments under section 14-34.1. In *Rambert*, the "indictments were identical and did not describe in detail the specific events or evidence that would be used to prove each count." *Rambert*, 341 N.C. at 176, 459 S.E.2d at 512. The Court, however, held that the indictments were sufficient since "indictments need only allege the ultimate facts constituting each element of the criminal offense." *Id.* Nevertheless, the Court acknowledged that "[b]ecause a very detailed account is not necessary for legally sufficient indictments, examination of the indictments is not always dispositive on the issue of double jeopardy." *Id.* The Court, therefore, examined the facts underlying each charge and noted that the evidence showed that the defendant fired three separate shots, holding that "[e]ach shot, fired from a pistol, as opposed to a machine gun or other automatic weapon, required that defendant employ his thought processes each time he fired the weapon. Each act was distinct in time, and each bullet hit the vehicle in a different place." *Id.* at 176-77, 459 S.E.2d at 513; *accord State v. Nobles*, 350 N.C. 483, 505, 515 S.E.2d 885, 898-99 (1999) (holding that since "[t]he State's evidence at trial tended to

show the existence of seven bullet holes in the victim's vehicle," the defendant was properly indicted for seven separate violations of section 14-34.1). The *Rambert* Court "conclude[d] that [the] defendant's conviction and sentencing on three counts of discharging a firearm into occupied property did not violate double jeopardy principles." *Rambert*, 341 N.C. at 177, 459 S.E.2d at 513.

The facts of the instant case are virtually indistinguishable from *Rambert*. Each of the indictments alleged that "defendant . . . unlawfully, willfully and feloniously did discharge a handgun, a firearm, into a motor vehicle, to wit: a 2004 GMC Yukon, while it was actually occupied by William Robert Parker." Although the indictments at issue were identical, they satisfied the requirement that they "allege the ultimate facts constituting each element of the criminal offense." *Id.* at 176, 459 S.E.2d at 512. Each indictment alleged that defendant willfully and wantonly discharged a firearm into property while it was occupied. *See* N.C. Gen. Stat. § 14-34.1 (2005). Additionally, the State's evidence tended to show that seven shots were fired toward Parker's car and that one bullet hole was found in Parker's car. Based upon the evidence, it is conceivable that defendant could have been indicted for six counts of attempted discharge of a firearm into occupied property. Therefore, defendant was not placed in double jeopardy as a result of the convictions for attempted discharge of a firearm into occupied property based upon the three separate indictments of discharge of a firearm into occupied property. Accordingly, defendant's arguments are overruled.

[3] In his final argument, defendant contends that the trial court erred both in its resentencing of defendant and in denying his motion for appropriate relief on the grounds that his right to be free from double jeopardy was violated when he was convicted and sentenced for both discharging a firearm into occupied property and attempting to discharge a firearm into occupied property. We disagree.

As a preliminary matter, we note that defendant brought his motion for appropriate relief pursuant to North Carolina General Statutes, section 15A-1414, and section 15A-1422(b) provides that "[t]he grant or denial of relief sought pursuant to [section] 15A-1414 is subject to appellate review only in an appeal regularly taken." N.C. Gen. Stat. § 15A-1422(b) (2005). In order to perfect an appeal pursuant to section 15A-1422(b), a defendant must file notice of appeal from the order denying his motion for appropriate relief "within the time [and] in the manner . . . provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2005). Rule 4(a)(2) of the Rules

of Appellate Procedure requires notice of appeal to be filed within fourteen days after entry of the order denying a defendant's motion for appropriate relief. *See* N.C. R. App. P. 4(a)(2) (2006). In the case *sub judice*, the record on appeal contains no evidence that defendant filed timely notice of appeal from the 2 April 2007 order denying his motion for appropriate relief. Accordingly, this Court is without jurisdiction to review defendant's assignment of error to the extent it challenges the denial of his motion for appropriate relief, and that portion of defendant's appeal is dismissed.

[4] With respect to the 22 February 2007 resentencing hearing, the evidence, as discussed *supra*, showed that seven shots were fired at Parker's vehicle, with one of the bullets striking the vehicle. Although defendant contends that "at least one of the attempt charges must necessarily be related to the one charge of actually discharging a weapon into the occupied vehicle," defendant was not convicted for both attempting and completing the same offense. Instead, each shot fired at Parker's car constituted a separate offense under section 14-34.1. *See Rambert*, 341 N.C. at 176, 459 S.E.2d at 513. The evidence tended to show that defendant was culpable for six attempted offenses and one completed offense under section 14-34.1, and therefore, defendant was not convicted and sentenced for both attempting and completing the same offense. Accordingly, defendant's argument is without merit.

Defendant's remaining assignment of error not argued in his brief is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

No Error in part; Dismissed in part.

Judges TYSON and ARROWOOD concur.