IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-632

No. COA21-619

Filed 20 September 2022

Cherokee County, No. 18CRS594

STATE OF NORTH CAROLINA

v.

JACKIE SLAUGHTER, Defendant.

Appeal by Defendant from judgment entered 16 March 2021 by Judge William H. Coward in Cherokee County Superior Court. Heard in the Court of Appeals 10 August 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Robert C. Montgomery, for the State.*

*Law Office of Bill Ward & Kirby Smith, P.A., by Kirby H. Smith, III, for Defendant.*

GRIFFIN, Judge.

¶ 1 Defendant Jackie Slaughter appeals from a judgment entered upon a jury's verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant argues the trial court abused its discretion by failing to follow the statutory mandate in ordering Defendant to be shackled at trial. Defendant also contends that the trial court erred by failing to conduct an evidentiary hearing on Defendant's Motion for Appropriate Relief ("MAR"). We find no error and

dismiss the MAR issue on appeal for lack of jurisdiction.

## I.     Factual and Procedural History

On 7 May 2017, Defendant struck an individual with a knife.  When officers arrived at the scene, they detained Defendant with handcuffs.

A grand jury charged Defendant with attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury.  On 12 March 2021, it was put on the record, outside of the presence of the jury, that Defendant was to be shackled for the remainder of the trial "[b]ecause of some comments [Defendant] made to some folks who are assisting [Defendant] in getting back and forth to court[.]"  The judge confirmed that the shackles were unable to be seen from where the jurors sat.  When asked if Defendant had any questions about the restraints, Defendant answered, "No.  I am Satisfied."  When Defendant's counsel was asked the same, Defendant's counsel replied, "No, Your Honor[,]" and proceeded to explain that he was satisfied with Defendant's conduct throughout the trial.

On 16 March 2021, Defendant was found guilty of assault with a deadly weapon with intent to kill inflicting serious injury, but the jury did not reach a unanimous verdict on the charge of attempted first-degree murder and a mistrial was declared on the murder charge.  The trial court sentenced Defendant to a minimum of 117 months and a maximum of 153 months in the North Carolina Division of Adult Corrections.  Defendant appealed.

On 25 March 2021, Defendant filed a MAR requesting the trial court to dismiss the assault with a deadly weapon charge or, in the alternative, order a new trial. The MAR was denied without a hearing.

## II. Analysis

### A. Restraint Order

Defendant contends that the trial court abused its discretion by "fail[ing] to follow the statutory mandate when it ordered [Defendant] to be held in leg shackles during trial[,]"and requests a "revers[al] [of] his conviction and remand [of] his case back to [the trial court] for a new trial."

"The propriety of physical restraints depends upon the particular facts of each case, and the test on appeal is whether, under all of the circumstances, the trial court abused its discretion." *State v. Tolley*, 290 N.C. 349, 369, 226 S.E.2d 353, 369 (1976) (citations omitted). Generally, "a defendant in a criminal case is entitled to appear at trial free from all bonds or shackles except in extraordinary instances." *Id*. at 365, 226 S.E.2d at 366 (citations omitted). North Carolina General Statutes section 15A-1031 is an exception to the general rule and allows "[a] trial judge [to] order a defendant or witness subjected to physical restraint in the courtroom when the judge finds the restraint to be reasonably necessary to maintain order, prevent the defendant's escape, or provide for the safety of persons." N.C. Gen. Stat. § 15A-1031 (2021). In doing so, the statute requires a trial court judge to:

> (1) Enter in the record out of the presence of the jury and in the presence of the person to be restrained and his counsel, if any, the reasons for his actions; and
>
> (2) Give the restrained person an opportunity to object; and
>
> (3) Unless the defendant or his attorney objects, instruct the jurors that the restraint is not to be considered in weighing evidence or determining the issue of guilt.

*Id.*

¶ 8    "If the restrained person controverts the stated reasons for restraint, the judge must conduct a hearing and make findings of fact." *Id.* However, our appellate courts have "held that failure to object to shackling waives any error which may have been committed." *State v. Sellers*, 245 N.C. App. 556, 558, 782 S.E.2d 86, 88 (2016) (internal quotation marks omitted) (quoting *Tolley*, 290 N.C. at 371, 226 S.E.2d at 370). In *Tolley*, our Supreme Court upheld an order restraining a defendant due to a previous attempted escape before trial when there were no objections from the defendant or his attorney about the restraint at trial. *Tolley*, 290 N.C. at 371–72, 226 S.E.2d at 370.

¶ 9    Here, neither Defendant nor Defendant's counsel objected to the restraint order by the trial court when given the opportunity. Like in *Tolley*, when Defendant and his counsel were asked if there were any questions or objections, neither objected. *Id.* at 371, 226 S.E.2d at 370. Because Defendant was given the chance to respond out of the presence of the jury about the restraints and did not, Defendant "waive[d]

any error which may have been committed." *Id.*

¶ 10        Assuming *arguendo* that Defendant or Defendant's counsel objected, the trial court followed part of its statutory mandate, and any error was not prejudicial.

¶ 11        A trial judge does not need formal evidence to order a defendant shackled. *Id.* at 368, 226 S.E.2d at 368 (citations omitted). Rather, "knowledge may stem from official record or what law enforcement officers have told him." *Id.* In *State v. Wilson*, the defendant contended that the trial court ordered the defendant to be restrained because of the "bailiff's opinion." *State v. Wilson*, 354 N.C. 493, 519, 556 S.E.2d 272, 289 (2001). The Supreme Court of North Carolina ruled that the trial court did not err, in part, because the restraint order was based on testimony by an officer in charge of the defendant that, though there had been no problems in the courtroom, the officer "had a lot of trouble out of [the defendant] while he's been in jail." *Id.* at 520, 556 S.E.2d at 289.

¶ 12        Here, the trial judge, outside the presence of the jury, stated his reasoning for ordering Defendant to be shackled was based on comments Defendant had made to those transporting him to court. The trial court then allowed Defendant and Defendant's counsel the opportunity to object. However, there is no indication that the trial court judge instructed the jury "that the restraint is not to be considered in weighing evidence or determining the issue of guilt." N.C. Gen. Stat. § 15A-1031(3). Regardless, our Supreme Court has held that where a defendant fails to cite anything

from the record to suggest they were prejudiced by the restraint during trial, "the risk is negligible that the restraint undermined the dignity of the trial process or created prejudice in the minds of the jurors by suggesting that [the] defendant is a dangerous person." *State v. Holmes*, 355 N.C. 719, 729, 565 S.E.2d 154, 163 (2002) (citation omitted); *see State v. Simpson*, 153 N.C. App. 807, 809, 571 S.E.2d 274, 276 (2002) (holding there was no prejudicial error when the trial court failed to instruct the jury not to consider the restraints when "there [was] no showing on [the] record that the jurors were affected by, or even aware of, [the] defendant's restraint"). Here, Defendant has not pointed to anything in the record that indicates the jury "was affected by, or even aware of [Defendant's] restraint." *Simpson*, 153 N.C. App. at 809, 571 S.E.2d at 276. We conclude that the trial court primarily followed its statutory mandate and there was no prejudicial error by the trial court in failing to instruct the jury on Defendant's restraints.

## B. MAR

Defendant further argues that the trial court erred by failing to conduct an evidentiary hearing on Defendant's MAR. However, to complete an appeal, "notice of appeal shall be given within the time, in the manner and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2021). The North Carolina Rules of Appellate Procedure require notice of appeal in criminal cases to be filed "within fourteen days after a ruling on a motion for appropriate relief made

during the fourteen-day period following entry of the judgment or order." N.C. R. App. P. 4(a)(2).

This Court has previously addressed this issue in *State v. Hagans*, 188 N.C. App. 799, 656 S.E.2d 704 (2008). In *Hagans*, the defendant filed a MAR "on the grounds that his right to be free from double jeopardy was violated" and the trial court denied his MAR. *Id.* at 805, 656 S.E.2d at 708. This Court concluded that the record on appeal did not include a timely notice of appeal from the denial of his MAR and that the "Court [was] without jurisdiction to review [the] defendant's assignment of error to the extent it challenges the denial of his [MAR]." *Id.* at 806, 656 S.E.2d at 709.

Here, like in *Hagans*, there is no evidence that Defendant filed timely notice of appeal from the trial court's order denying Defendant's MAR. Therefore, this Court is without jurisdiction to review Defendant's MAR challenge.

### III.    Conclusion

We hold that the trial court did not abuse its discretion in ordering Defendant restrained during trial, and this Court lacks jurisdiction to review Defendant's MAR.

NO ERROR IN PART; DISMISSED IN PART

Judges ZACHARY and WOOD concur.