IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-206

Filed 7 November 2023

Pitt County, Nos. 20CRS54590-91, 21CRS192

STATE OF NORTH CAROLINA

v.

MANUEL HARPER

Appeal by defendant from judgment entered 9 February 2022 by Judge Cy A.

Grant in Pitt County Superior Court. Heard in the Court of Appeals 4 October 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Matthew E. Buckner, for the State.*

*Law Office of Sandra Payne Hagood, by Sandra Payne Hagood, for the defendant-appellant.*

TYSON, Judge.

Manuel Harper ("Defendant") appeals from judgment entered after a jury convicted him of one count of driving while impaired ("DWI"), one count of felony failure to stop with injury, and one count of felony serious injury by vehicle. Defendant also pled guilty to attaining habitual felon status. Our review discerns no error.

## I. Background

Deborah Sheppard ("Sheppard") was driving her 2016 Nissan from her son's birthday party at her mother's house in Snow Hill back to Greenville at 9:00 p.m. on

15 August 2020. Her best friend's daughter was a passenger inside the vehicle. Sheppard was traveling on US Highway 13 when she saw a Buick vehicle traveling in the opposite direction cross over into her lane of travel. The vehicle in front of Sheppard swerved out of the way and missed the oncoming Buick. Sheppard was unable to avoid the collision.

The Buick impacted her Nissan on the front driver's side. All airbags deployed inside her car. The damage from the collision to her vehicle was "very impactful." Sheppard could not open the driver's side front door.

Sheppard looked over to the Buick and observed a black male wearing a white t-shirt seated in the driver's seat. The driver was the only person present inside the Buick. Sheppard watched the Buick's driver turn on the overhead light inside the vehicle, exit, and walk away from the scene of the collision.

Logan Latham ("Latham") was driving behind Sheppard's vehicle and witnessed the collision. Latham pulled onto the side of the highway, called 911, and went to check on the occupants of both the Nissan and Buick. Latham observed the Nissan was damaged on the driver's side. The occupants had exited the Nissan on the passenger's side.

Latham went to check on the Buick. Latham observed a black male wearing a white t-shirt and gym shorts inside of the vehicle. The driver appeared to Latham to be "intoxicated and out of it." The Buick's driver turned on his vehicle's interior light, looked around, and attempted to re-start the car. The driver exited the Buick and

began walking towards Greenville. Latham testified the Buick's driver appeared unbalanced as he walked away from the accident.

North Carolina Highway Patrol troopers responded to the call reporting the collision at approximately 9:03 p.m. Sergeant Phillip Briggs was traveling away from Greenville towards the scene of the collision on US Highway 13. Sergeant Briggs was advised a black male wearing a white t-shirt was walking away from the scene of the collision. Sergeant Briggs observed a man matching the description walking along the shoulder of US Highway 13 towards Greenville.

Sergeant Briggs turned his vehicle around, pulled behind the man, and activated his blue lights. When Sergeant Briggs activated his blue lights, the man looked backed at them, reached into his pocket, pulled out a cigarette and lit it. Sergeant Briggs exited the vehicle, approached the man, and began to question him. The man pulled a pack of cigarettes and a black and chrome key from inside his pockets.

Sergeant Briggs noticed the man had a slight abrasion on the right side of his forehead, had glassy eyes, was unstable on his feet, and had slurred speech. Sergeant Briggs smelled alcohol mixed with cigarette smoke on the man's breath. Sergeant Briggs asked the man to accompany him back to the scene of the collision, and the man agreed.

Trooper Joshua Proctor also responded to the scene of the collision. Trooper Proctor observed several vehicles on the shoulder of the roadway and a couple of

vehicles involved in the collision located partially in the roadway. Trooper Proctor spoke with Sheppard and Latham. Sergeant Briggs arrived on the scene of the collision and removed Defendant from his car. Sheppard was transported to Vidant Hospital where she was treated for her seat belt injury, extreme soreness, difficulty walking, and knots in her right leg.

Trooper Proctor spoke with Defendant. Trooper Proctor also smelled a strong odor of alcohol emitting from Defendant's breath, his eyes were very red and glassy, and he displayed a dark-in-color mark across his chest.

Sergeant Briggs went to the Buick involved in the accident. A wallet with a photo identification card therein was found on the center console of the Buick. Sergeant Briggs confirmed the North Carolina photo identification card contained Defendant's name. Defendant confirmed to Sergeant Briggs that wallet belonged to him. Defendant also confirmed his name to Trooper Proctor.

Trooper Proctor conducted a horizontal gaze nystagmus test. Defendant exhibited six out of six clues of impairment. Defendant told Sergeant Briggs he had consumed a 40-ounce beer. Trooper Proctor asked Defendant to submit to a portable breath test, Defendant submitted, with both tests positive for alcohol.

Trooper Proctor placed Defendant under arrest for impaired driving. Defendant was transported to Pitt County Detention Center, where he complained of chest pain, and was then taken to Vidant Hospital. Trooper Proctor attempted to obtain a blood sample from Defendant, but he refused. Trooper Proctor then obtained

a search warrant for Defendant's blood and returned to Vidant Hospital where Defendant's blood was drawn. Defendant's blood sample contained 0.17 grams of alcohol per hundred (100) milliliters.

Defendant was indicted for one count of DWI, one count of felony hit and run, two counts of felony serious injury by motor vehicle, one count of operating a vehicle without insurance, and having attained habitual felon status. Defendant was also charged with operating a vehicle with a fictitious or altered registration card or tag and driving with a revoked license.

Defendant's trial began on 7 February 2022. At the close of the State's evidence Defendant's counsel moved to dismiss all charges. The trial court dismissed one count of felony serious injury by motor vehicle, operating a vehicle without insurance, operating a vehicle with a fictitious or altered registration, driving with a revoked license, and reckless driving.

Defendant was convicted of DWI, felony hit and run, and one count of felony serious injury by vehicle. Defendant pleaded guilty to having attained habitual felon status. Defendant was sentenced as a prior record level V with 14 prior record level points.

The trial court consolidated Defendant's convictions for DWI, felony hit and run, and attaining the status of a habitual felon and sentenced him to an active term of 89 to 119 months. Defendant was also sentenced to an active term of 101 to 134 months for his felony serious injury by vehicle conviction and attaining habitual felon

status. The trial court ordered both sentences to run concurrently. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issue

Defendant argues the trial court erred by entering judgments against him for convictions of felony serious injury by vehicle and for DWI.

## IV. Standard of Review

This Court reviews double jeopardy issues *de novo*. *State v. Hagans*, 188 N.C. App. 799, 804, 656 S.E.2d 704, 707 (2008).

## V. Double Jeopardy

Defendant argues error in the judgments against him for felony serious injury by vehicle and for DWI. Defendant asserts the trial court should have arrested judgment on the DWI conviction because DWI is a lesser-included offense of felony serious injury by vehicle. *See* N.C. Gen. Stat. § 20-141.4(a3) (2021).

During the sentencing phase of Defendant's trial, the State informed the trial court:

> [THE STATE]: The DWI merges with the felony by operation of law because it's an element of the felony serious injury by vehicle. So there will not [be] a separate judgment for the impaired driving conviction.
>
> THE COURT: There would be?
>
> [THE STATE]: There is not because it merges with the

greater felony offense/ [sic]  And that's what the statute
and case law says, Judge.

"Both the fifth amendment to the United States Constitution and article I,

section 19 of the North Carolina Constitution prohibit multiple punishments for the

*same* offense absent clear legislative intent to the contrary." *State v. Etheridge*, 319

N.C. 34, 50, 352 S.E.2d 673, 683 (1987) (citation omitted).

In *Etheridge*, our Supreme Court articulated the test to determine whether

double jeopardy attaches in a single prosecution as "whether each statute requires

proof of a fact which the others do not." *Id.* (citing *Blockburger v. United States*, 284

U.S. 299, 76 L. Ed 306 (1932); *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982)).

The Supreme Court held:

> By definition, all the essential elements of a lesser included
> offense are also elements of the greater offense.  Invariably
> then, a lesser included offense requires no proof beyond
> that required for the greater offense, and the two crimes
> are considered identical for double jeopardy purposes.  If
> neither crime constitutes a lesser included offense of the
> other, the convictions will fail to support a plea of double
> jeopardy.

*Etheridge*, 319 N.C. at 50, 352 S.E.2d at 683 (citation omitted).

As the State correctly noted at trial, DWI is a lesser included offense of felony

serious injury by vehicle.  *See State v. Mumford*, 364 N.C. 394, 401, 699 S.E.2d 911,

916 (2010) ("In the present case defendant was found guilty of the greater offense of

felony serious injury by vehicle but acquitted of the lesser offense of driving while

impaired.").  The State on appeal does not argue the charge of DWI is not a lesser

included of felony serious injury by vehicle. The State argues Defendant was not prejudiced by the violation because Defendant's convictions were consolidated into two separate judgments. Arresting judgment on the DWI conviction would not alter or reduce the total time Defendant is required to serve, because the trial court ordered his sentences to run concurrently.

Defendant was sentenced as a habitual felon in the presumptive ranges of 101 to 134 months for his Class C conviction for felony serious injury by vehicle and to 89 to 119 months for his combined DWI and Class D conviction for felony hit and run. "When the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing[.]" *State v. Hardy*, 242 N.C. App. 146, 160, 774 S.E.2d 410, 420 (2015) (citation omitted). This Court normally remands after arresting judgment if we were "unable to determine what weight, if any, the trial court gave to each of the separate convictions[.]" *State v. Moore*, 327 N.C. 378, 383, 395 S.E.2d 124, 127-28 (1990).

In *State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) our Supreme Court remanded a defendant's convictions for resentencing when one, but not all, of the convictions consolidated for judgment had been vacated, holding:

> Since it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.

*Id.*

In *Cromartie*, this Court had arrested judgment due to potential collateral consequences, but did not remand for resentencing because the defendant received the lowest possible *sentencing in the mitigated range. State v. Cromartie*, 257 N.C. App. 790, 797, 810 S.E.2d 766, 772 (2018). "[W]e do not remand for resentencing where Defendant has already received the lowest possible sentence because remanding when one of the convictions of a consolidated sentence is in error is based on the premise that multiple offenses probably influenced the defendant's sentence." *Id*. (citation omitted).

Unlike in *Wortham* and *Cromartie*, Defendant's convictions were consolidated into two distinct concurrent judgments with presumptive range sentences. While Defendant was sentenced in the presumptive range for his consolidated DWI and felony hit and run judgment, he was also sentenced in a separate judgment in the presumptive range for his felony serious injury by vehicle to a longer sentence of 101 to 134 months.

Defendant is serving this longer concurrent sentence. As the State argued at trial, the DWI conviction is properly arrested, but it is unnecessary to remand for resentencing. The properly-arrested DWI conviction was consolidated with the felony hit and run conviction, and that judgment specified the shorter of the two concurrent sentences. Remand to the trial court for resentencing of the lesser presumptive sentence, because the shorter sentence runs concurrently with a longer unchallenged

sentence.

## VI. Conclusion

The trial court erred by failing to arrest judgment on Defendant's conviction for DWI, as it is a lesser-included offense within the conviction for serious injury by vehicle. We arrest judgment on Defendant's conviction for DWI in 20 CRS 05490. *See generally State v. Fields*, 374 N.C. 629, 636, 843 S.E.2d 186, 191 (2020) (discussing when this Court should arrest judgment rather than vacate a judgment).

However, the presence of Defendant's separate conviction for felony serious injury by vehicle and judgment for a longer concurrent presumptive sentence does not require remand for resentencing. Defendant's conviction for felony hit and run, and his judgment and sentence for felony serious injury by vehicle, remain undisturbed, as does Defendant's guilty plea to attaining habitual felon status. *It is so ordered.*

JUDGMENT ARRESTED: 20CRS05490

NO PREJUDICIAL ERROR: 21CRS05491 AND 21CRS192.

Judges HAMPSON and CARPENTER concur.